## Kempter's Appeal

*Edmund C. Wingerd,* for appellant.

*T. Z. Minehart* and *James D. McHugh,* for Department of Revenue.

DAVISON, P. J., June 26, 1937.—On October 9, 1936, information was made before Shirley J. Zarger, Esq., a

justice of the peace, charging J. E. Kempter with violation of section 1025(a) of The Vehicle Code of May 1, 1929, P. L. 905, in that he did not stop and render assistance at the scene of an accident in which his car was involved and damage to property of another person resulted, said collision having occurred on October 8, 1936. On October 9, 1936, Kempter entered into a recognizance for his appearance at the next term of court to answer said charge. On November 16, 1936, a plea of guilty was entered by defendant to said charge and he was sentenced to pay a fine of $50 and the costs of prosecution. On November 17, 1936, notice of said plea and the sentence of the court thereon was forwarded to the Department of Revenue at Harrisburg.

Under the provisions of The Vehicle Code of May 1, 1929, supra, section 614, as now amended by the Act of June 11, 1935, P. L. 331, sec. 1, it is provided that upon receiving a certified record from the clerk of the court of proceedings in which a person pleaded guilty of any of the crimes enumerated in said section, which included an operator of a motor vehicle involved in an accident resulting in injury to or death of any person, or damage to property, upon the charge of failure to stop and render assistance, the secretary shall forthwith revoke for a period of one year from the date of revocation the operating privilege of such person so pleading guilty.

But no action was taken by the Department of Revenue in this case until April 15, 1937, at which time the operator's license of said defendant was revoked for a term of one year from November 16, 1936. On May 14, 1937, an appeal was filed from the action of the Department of Revenue in revoking said license in this court, and the time of hearing was fixed for June 22, 1937, at 10 a.m., which hearing was continued to June 26, 1937. Upon the filing of said appeal the Department of Revenue made such an appeal a supersedeas to the revocation of the license of said operator and permitted him to continue to

operate under said license to the date of said hearing. Upon said hearing it was the contention of the Commonwealth that there was no right of appeal from a revocation of a license under said section.

There is a right of appeal to the court from the suspension of an operator's license under section 615, but there is no provision in the Act for an appeal from the action of the department for revocation of a license under the section of the act under which the department was proceeding at that time. This contention of the department was upheld by the court, and the appeal must be dismissed at the costs of appellant.

Now, therefore, June 26, 1937, the appeal in said matter is dismissed and it is adjudicated and determined that said J. E. Kempter is subject to the revocation of his operator's license as set forth in the action of the Secretary of Revenue on April 15, 1937, from which this appeal was taken. Appellant to pay the costs of this proceeding.

From Albert Strite, Chambersburg.